# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| SUCDEN AMERICAS CORP., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00228 |
| UNITED STATES, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel*:

Emma L. Tiner
Attorney
Office of Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

MIKKI COTTET
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: 202-307-0962
Facsimile: (202) 514-7965
Email: Mikki.Cottet@usdoj.gov

December 11, 2023                    Attorneys for Defendant

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

    I.    Standard Of Review ..................................................................................................3

    II.   The Court Lacks Subject Matter Jurisdiction Because Sucden Failed To File A Protest..4

CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006) ................................................................................................................. 3

*Fujitsu Gen. Am., Inc. v. United States*,
283 F.3d 1364 (Fed. Cir. 2002) ................................................................................................ 4

*Hutchison Quality Furniture, Inc. v. United States*,
827 F.3d 1355 (Fed. Cir. 2016) ................................................................................................ 3

*Int'l Custom Prods. v. United States*,
467 F.3d 1324 (Fed. Cir. 2006) ................................................................................................ 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ................................................................................................................. 3

*Mitsubishi Elecs. Am., Inc. v. United States*,
44 F.3d 973 (Fed. Cir.1994) ..................................................................................................... 4

*Norsk Hydro Can., Inc. v. United States*,
472 F.3d 1347 (Fed. Cir. 2006) ................................................................................................ 3

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ................................................................................................................... 3

*Xerox Corp. v. United States*,
423 F.3d 1356 (Fed. Cir. 2005) ................................................................................................ 9

*Zojirushi America Corp. v. United States*,
180 F. Supp. 3d 1354 (Ct. Int'l Trade 2016) ............................................................................ 8

**Statutes**

19 U.S.C. § 1514 .............................................................................................................. 4, 5, 8

19 U.S.C. § 1514(a) ............................................................................................................. 4, 8

19 U.S.C. § 1514(a)(1)-(7) ....................................................................................................... 4

19 U.S.C. § 1514(a)(2) ...................................................................................................... 4, 5, 9

19 U.S.C. § 1514(a)(7) ................................................................................................................ 4

19 U.S.C. § 1514(c)(3) ................................................................................................................ 4

19 U.S.C. § 1515 ..................................................................................................................... 4, 5

19 U.S.C. § 1515(a) ................................................................................................................ 4, 5

19 U.S.C. § 1520(d) ............................................................................................................ *passim*

28 U.S.C. § 1581(a) ............................................................................................................ 1, 4, 5

28 U.S.C. § 2636(a)(1) ................................................................................................................ 5

**Harmonized Tariff Schedule Of The United States**

Subheading 1701.99.5050 ....................................................................................................... 2, 5

Subheading 9822.05.20 ............................................................................................................... 5

**Rules**

United States Court of International Trade Rule 12(b)(1) ......................................................... 1

**Regulations**

19 C.F.R. § 10.590 ................................................................................................................. 6, 7

19 C.F.R. § 10.591 ...................................................................................................................... 7

19 C.F.R. § 10.591(b) ................................................................................................................. 7

**Other**

*U.S CUSTOMS & BORDER PROTECTION, Post Summary Corrections,* available at https://www.cbp.gov/trade/programs-administration/entry-summary/post-summary-correction ............................................................................................... 2, 7

*U.S CUSTOMS & BORDER PROTECTION, Side-by-Side Comparison of Free Trade Agreements & Select Preferential Trade Legislation Programs (Non-Textiles),* available at https://www.cbp.gov/sites/default/files/assets/documents/2023-May/Side-by-Side%20Comparison%20of%20Trade%20Agreements%20and%20Select%20Preferential%20Trade%20Legislation%20Programs%20%28Non-Textile%29.pdf post-summary-correction ......... 7

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| SUCDEN AMERICAS CORP., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00228 |
| UNITED STATES, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to United States Court of International Trade Rule 12(b)(1), defendant, the United States, respectfully requests that the Court enter an order dismissing this action for lack of subject-matter jurisdiction.

## INTRODUCTION

This action involves four entries made at the port of Los Angeles, California, between October 9 and 29, 2020, and liquidated between August 27 and September 10, 2021. On January 31, 2022, pursuant to 19 U.S.C. § 1520(d), plaintiff, Sucden Americas Corp. (Sucden) filed four Post Importation Preference claims (section 520(d) claims). U.S. Customs and Border Protection (CBP or Customs) denied Sucden's section 520(d) claims as untimely on February 3, 2022. Sucden did not protest the liquidation of its entries or the denials of its section 520(d) claims. Therefore, the Court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1581(a), and this action should be dismissed.

BACKGROUND

Sucden is the importer of record of four entries, Nos. J82-0008331-2, J82-0008347-8, J82-0008381-7, and J82-0008385-8, of white refined sugar from Guatemala. Complaint (Compl.) ¶ 3, ECF No. 8. These importations were entered as type "02" (consumption-quota/visa), and duties were paid on the entries. Compl., ¶¶ 8, 10. Sucden could not claim preferential tariff treatment under the Dominican Republic-Central America Free Trade Agreement ("CAFTA-DR") for these importations because, at the time of entry, quota was not available. However, when Sucden learned that quota had reopened, it filed a post summary correction ("PSC") for each of its entries to include "P+ CAFTA-DR" descriptions on the entry summaries.[1] Compl., ¶¶ 10, 11. CBP accepted the PSCs in November 2020, but on August 16 and 30, 2021, CBP reverted the PSCs for the four entries. Compl., ¶ 11. Two entries were liquidated on August 27, 2021 (Entry Nos. J82-0008331-2 and J82-0008347-8), one entry was liquidated on September 3, 2021 (Entry No. J82-0008381-7), and one entry was liquidated on September 10, 2021 (Entry No. J82-0008385-8) under subheading 1701.99.5050 of the Harmonized Tariff Schedule of the United States (HTSUS). Each entry was assessed duties at the rate of 35.74¢/kg.

---

[1] Submission of a PSC is the sole method for the trade to electronically correct an entry summary presented to and accepted by CBP through ACE prior to liquidation of the entry. It is "essentially a new summary and liquidates as any other entry summary since they are a complete replacement of the initial entry summary." *See Post Summary Corrections*, U.S. CUSTOMS & BORDER PROTECTION (last updated Nov. 21, 2022), https://www.cbp.gov/trade/programs-administration/entry-summary/post-summary-correction.

On January 31, 2022, Sucden filed a section 520(d) claim for each of the four entries, Nos. 2704-22-300926, 2704-22-300927, 2704-22-300928, and 2704-22-300929.[2] Thereafter, on February 3, 2022, CBP denied Sucden's section 520(d) claims as untimely because they were filed more than 15 months after the importation of the merchandise. Sucden then commenced this action.

ARGUMENT

I.   Standard Of Review

To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Moreover, "when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The plaintiff bears the burden of establishing subject-matter jurisdiction. *See Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1359 (Fed. Cir. 2016) ("The party invoking the CIT's jurisdiction bears the burden of establishing it.") (internal quotation marks, brackets, and citation omitted)); *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006) ("It is true that the Court of International Trade, like all federal courts, is a court of limited jurisdiction, and that the party invoking that jurisdiction bears the burden of establishing it.") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

---

[2] The summons refers to these filings as "protests," and they were filed electronically in CBP's Automated Commercial Environment (ACE), which is the system through which the trade community reports imports and exports and CBP determines admissibility. Although referred to as a "protest," the ACE portal protest module is used both for filing protests under 19 U.S.C. § 1514 and for filing post importation claims under 19 U.S.C. § 1520(d) (section 520(d) claims).

3

II.	The Court Lacks Subject-Matter Jurisdiction Because Sucden Failed To File A Protest

Sucden invokes the Court's jurisdiction under 28 U.S.C. § 1581(a). Sucden, however, cannot meet its burden of establishing the Court's jurisdiction.

Congress set out an express scheme for administrative and judicial review of CBP's protestable actions, stating in 28 U.S.C. § 1581(a) that the Court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 515 of the Tariff Act of 1930 is codified at 19 U.S.C. § 1515 and, in it, Congress provides for CBP's administrative review and subsequent allowance or denial of protests that are "filed in accordance with" 19 U.S.C. § 1514. 19 U.S.C. § 1515(a). In section 1514(a), Congress identifies the types of CBP decisions that may be the subject of protests. 19 U.S.C. § 1514(a)(1)-(7). Included are decisions relating to "the classification and rate and amount of duties chargeable," *id*. § 1514(a)(2), and "the refusal to reliquidate an entry under [19 U.S.C. § 1520(d),]" *id*. § 1514(a)(7). Section 1514(a) states that a CBP decision that may be the subject of a protest shall be "final and conclusive upon all persons . . . unless a protest is filed in accordance with this section." *Id*. Further, Congress established that the time for filing a protest of a decision described in section 1514(a) is "within 180 days after but not before-- (A) date of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made." *Id*. § 1514(c)(3). *See Int'l Custom Prods. v. United States*, 467 F.3d 1324, 1326-1327 (Fed. Cir. 2006) (noting that "Congress set an express scheme for administrative and judicial review of Customs' actions" and, under this statutory scheme, an aggrieved party must first file a protest with Customs under 19 U.S.C. § 1514 before it can file suit in the Court of International Trade under § 1581(a) to contest the denial of that protest."); *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371

4

(Fed. Cir. 2002) (the Court's authority to hear a claim under section 1581(a) "depends upon the importer raising the claim in a valid protest filed with Customs within the prescribed [180]-day period, or alternatively, in a protest coming within an exception that excuses a failure to meet the deadline."). Thus, adherence to the administrative process outlined by Congress, *i.e.*, the filing of a timely valid protest and CBP's denial of that protest are mandatory conditions precedent to establishing jurisdiction under 28 U.S.C. § 1581(a). *See Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir.1994) (noting that "an aggrieved party [must] file a protest under section 1514, which Customs must either grant or deny, before the party may sue under section 1581(a)."). Finally, the commencement of a civil action contesting the denial a protest under section 1515 is barred unless the action is commenced within 180 days after the date of mailing of notice of denial of a protest under section 1515(a). 28 U.S.C. § 2636(a)(1).

In sum, under the congressionally mandated statutory scheme, to fall within the scope of the Court's jurisdiction under 28 U.S.C. § 1581(a), an aggrieved party must first file a timely and valid protest with CBP, CBP must then deny all or part of that protest, and then the aggrieved party may commence a civil action within 180 days of the mailing of notice of denial of the protest.

Sucden alleges that, pursuant to 19 U.S.C. § 1514(a)(2), it "timely filed four protests on January 31, 2022 to challenge Customs' decisions at liquidation to assess duties under Subh. 1701.99.5050, HTUSU, rather than classify the subject sugar CAFTA-DR free of duties under Subh. 9822.05.20 and Subh. 1701.99.5050, HTUSU, as claimed by [Sucden.]" Compl., ¶ 4. Sucden ***did not*** file section 1514(a)(2) protests of the liquidation of the four entries at issue; rather, Sucden filed section 520(d) claims on January 31, 2022, seeking refunds of the duties

5

paid on these entries. However, by the time Sucden filed its section 520(d) claims, any potential claim for CAFTA-DR preference had already expired. By filing section 520(d) claims more than a year after the dates of entry, Sucden failed to satisfy the jurisdictional requirements of 28 U.S.C. § 1581(a) for challenging CBP's liquidation decisions. Sucden cannot now challenge the liquidation of the subject entries on any ground because more than 180 days has passed since the liquidation of these entries. As discussed below, because Sucden did not claim the CAFTA-DR for its goods at the time of entry or make a post-importation claim within a year of entry, as is required by 19 U.S.C. § 1520(d), its protests were invalid. Therefore, CBP's liquidation decisions are final and conclusive.

Section 1520 broadly governs refunds and errors, and subsection (d) sets forth the requirements for refunds available to goods qualifying under free trade agreement rules of origin.

> Notwithstanding the fact that a valid protest was not filed, the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to refund any excess duties (including any merchandise processing fees) paid on a good qualifying under the rules of origin set out in … section 4033 of this title [CAFTA-DR rules of origin], … for which no claim for preferential tariff treatment was made at the time of importation if the importer, **within 1 year after the date of importation**, files, in accordance with those regulations, a claim that includes—(1) a written declaration that the good qualified under the applicable rules at the time of importation; (2) copies of all applicable certificates or certifications of origin; and (3) such other documentation and information relating to the importation of the goods as the Customs Service may require.

19 U.S.C. § 1520(d) (incorporating 19 U.S.C. § 4033 (CAFTA-DR rules of origin)) (emphasis added). The CAFTA-DR regulations implementing procedures for post-importation preferential tariff treatment claims mirror the requirements of section 1520(d). *See* 19 C.F.R. § 10.590 ("Notwithstanding any other available remedy, where a good would have qualified as an

6

originating good when it was imported into the United States but no claim for preferential tariff treatment was made, the importer of that good may file a claim for a refund of any excess duties ***at any time within one year after the date of importation of the good*** in accordance with the procedures set forth in § 10.591 of this subpart." (emphasis added)); *id.* § 10.591(b) ("A post-importation claim for a refund must be filed by presentation of the following: . . . A written declaration stating that the good qualified as an originating good at the time of importation and setting forth the number and date of the entry or entries covering the good[.]").  Thus, the section 520(d) claim allows for a preference claim to be made within one year of the date of importation if a claim was not made at entry summary.

According to Sucden, when it learned that quota had reopened, it filed timely "CAFTA-DR Claims" through filing a PSC for each of its entries.  Compl., ¶ 11.  Neither the statute, 19 U.S.C. § 1520(d), nor regulations, 19 C.F.R. §§ 10.590, 10.591(b), refer to an alternate means, such as a PSC, for applying for post-importation preferential tariff treatment for CAFTA-DR.  Moreover, CBP has explicitly informed the trade that a PSC cannot be used to correct data relating to section 1520(d) trade agreements.  *See Post Summary Corrections*, U.S. Customs & Border Protection (last updated Nov. 21, 2022), https://www.cbp.gov/trade/programs-administration/entry-summary/post-summary-correction (instructing that data relating to "Trade Agreement (19 U.S.C 1520(d)) indicator for specific special programs, i.e. USMCA, NAFTA, CAFTA, DR, Chile, Columbia, Korea, Oman, Panama and Peru" cannot be changed by means of PSC filing.); *Side-by-Side Comparison of Free Trade Agreements & Select Preferential Trade Legislation Programs (Non-Textiles)*, U.S. Customs & Border Protection (last accessed Nov. 22, 2023), https://www.cbp.gov/sites/default/files/assets/documents/2023-May/Side-by-

7

Side%20Comparison%20of%20Trade%20Agreements%20and%20Select%20Preferential%20Trade%20Legislation%20Programs%20%28Non-Textile%29.pdf (stating that CAFTA-DR post-importation claims must be made pursuant to section 1520(d)). Indeed, a section 520(d) claim is the only mechanism for making a post-importation preference claim on certain free trade agreements, such as the Dominican Republic-Central American Free Trade Agreement (CAFTA-DR). Therefore, Sucden's "CAFTA-DR Claims," filed by means of PSCs, were invalid.

       Sucden alleges that, "[t]he facts in this case, where CAFTA-DR Claims were timely filed within a month after the entries were made and granted within a year of the filing of the entries, bring this case within the controlling effect of [*Zojirushi America Corp. v. United States*, 180 F. Supp. 3d 1354 (Ct. Int'l Trade 2016)] … , which approved the filing and granting of timely-filed protests under 19 U.S.C. Sec. 1514 of entries liquidated <u>after</u> timely, but incomplete 19 U.S.C Sec. 1520(d) claims were filed and denied." Compl., ¶ 24. But Sucden's reliance on the Court's decision in *Zojirushi* is misplaced. In *Zojirushi*, the plaintiff sought duty-free treatment of its merchandise under the Generalized System of Preferences (GSP) program, and the parties disagreed as to whether the denial of GSP was protestable under section 1514(a). 180 F. Supp. 3d at 1356. CBP determined that, because it had not been "presented with a claim for GSP treatment at entry, [it] could have made no decision upon liquidation as to whether GSP would have been available and, therefore, could not have made a decision that could be protested according to 19 U.S.C. § 1514(a)." *Id.* at 1362. The Court disagreed, holding that "GSP claims are not affected by the limitation in 19 U.S.C. § 1520(d), and nothing in the GSP statute or the applicable regulations requires a GSP claim to be made at the time of entry or precludes a GSP claim that is made at any time before the liquidation of the entry becomes final." *Id.* at 1363.

Unlike GSP claims, CAFTA-DR post-importation claims are explicitly governed by the requirements of section 1520(d).  *See* 19 U.S.C. § 1520(d) (incorporating 19 U.S.C. § 4033 (CAFTA-DR rules of origin)).  The statute requires that section 1520(d) claims be filed within one year after the date of importation.  *Id*. ("the importer of that good may file a claim for a refund of any excess duties ***at any time within one year after the date of importation of the good*** in accordance with the procedures set forth in § 10.591 of this subpart." (emphasis added)); *id.* § 10.591(b) ("A post-importation claim for a refund must be filed by presentation of the following: . . . A written declaration stating that the good qualified as an originating good at the time of importation and setting forth the number and date of the entry or entries covering the good[.]").

Sucden did not timely file its section 1520(d) claims and, for purposes of this action, Sucden cannot now treat those untimely section 520(d) claims as timely and valid protests of the liquidation of its entries pursuant to 19 U.S.C. § 1514(a)(2).  *Cf. Xerox Corp. v. United States*, 423 F.3d 1356, 1363 (Fed. Cir. 2005) ("Xerox did not make a timely claim for preferential tariff treatment and, consequently, cannot prevail in a 'protest' of the liquidation of its goods by Customs 'as entered'." (citation omitted)).

Accordingly, the Court lacks subject-matter jurisdiction over this action.

## CONCLUSION

For the reasons stated above, defendant respectfully requests that our motion to dismiss for lack of subject-matter jurisdiction be granted.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

|  |  |
|---|---|
| | PATRICIA M. MCCARTHY<br>Director<br><br>/s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office<br><br>/s/Mikki Cottet<br>MIKKI COTTET<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: 202-307-0962<br>Facsimile: 202-514-7965<br>E-mail: Mikki.Cottet@usdoj.gov<br><br>Attorneys for Defendants |

*Of Counsel*:

Emma L. Tiner
Attorney
Office of Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza
New York, NY 10278
Telephone: (914) 252-6195
E-mail: Emma.l.tiner@cbp.dhs.gov

December 11, 2023

10

## **CERTIFICATE OF SERVICE**

I, Mikki Cottet, hereby certify that on this day, December 11, 2023, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to all counsel of record.

/s/ Mikki Cottet

**CERTIFICATE OF COMPLIANCE**

    I, MIKKI COTTET, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, am responsible for filing the foregoing motion to dismiss, relying upon the Microsoft Word Word-Count feature of the word processing system used to prepare the brief, including text, footnotes, and headings, certify that this brief complies with the word count limitation of the U.S. Court of International Trade Standard Chambers Procedures and contains 2,729 words.

                                                  /s/ Mikki Cottet